UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA L. T., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:24-CV-5163-DWC <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in discounting medical opinion evidence and Plaintiff's testimony, and did not err in assessing Plaintiff's residual functional capacity ("RFC"). Accordingly, the Court affirms the ALJ's decision in finding Plaintiff not disabled.

## FACTUAL AND PROCEDURAL HISTORY

On August 29, 2017, Plaintiff protectively filed for DIB and SSI, alleging disability as of November 30, 2015. *See* Dkt. 18; Administrative Record ("AR") 85–86, 93–94, 104, 121. The applications were denied upon initial administrative review and on reconsideration. *See* AR 92, 100, 119, 136.

ALJ Rebecca Jones held a hearing on June 2, 2020 (AR 36–82) and issued a decision on June 25, 2020 finding Plaintiff not disabled. AR 12–34, 1994–2016. After Plaintiff's request to review of the ALJ's decision was denied by the Appeals Council (AR 1–6, 2017–2022), Plaintiff sought judicial review. AR 2023–24. Pursuant to a stipulation of both parties, this Court reversed ALJ Jones's decision and remanded for further administrative proceedings. AR 2028–30.

ALJ Lawrence Lee held a hearing on remand (AR 1966–93) and issued a decision on October 30, 2023 finding Plaintiff not disabled. AR 1946–1965. The ALJ noted Plaintiff's substance use disorder during the relevant period is a contributing factor material to the determination of disability, and ultimately determined Plaintiff is not disabled if her substance use disorder ceased. AR 1965. Plaintiff now seeks judicial review of ALJ Lee's decision. Dkt. 18.

In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred by: (1) failing to properly evaluate medical opinion evidence, (2) failing to properly evaluate her symptom testimony, and (3) assessing an RFC that is not supported by substantial evidence and basing his step five findings on an erroneous RFC. Dkt. 18 at 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### I. Whether the ALJ Properly Evaluated Medical Opinion Evidence

Plaintiff contends the ALJ erred in evaluating the medical opinions of Dr. Terilee Wingate, Dr. Rebecca Renn, and Dr. Beth Fitterer. Dkt. 18 at 3–9.

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

#### A. Dr. Terilee Wingate

Dr. Wingate provided five opinions from June 2017 to September 2022. AR 661–65, 1034–1038, 2228–31, 2235–39, 2246–50. In June 2017, January 2018, February 2020, and September 2022, Dr. Wingate opined Plaintiff has marked abilities in: (1) performing activities within a scheduling, maintaining regular attendance, and being punctual with customary

1  tolerances without special supervision, (2) maintaining appropriate behavior in a work setting,

2  and (3) completing a normal work day and work week without interruptions from

3  psychologically based symptoms. AR 663, 1036, 2230, 2249. In October 2021, Dr. Wingate

4  opined Plaintiff is markedly limited only in (1) maintaining appropriate behavior in a work

5  setting and (2) completing a normal work day and work week without interruptions from

6  psychologically based symptoms. AR 2238. Dr. Wingate indicated effects on Plaintiff's basic

7  work activities are not primarily the result of a substance use disorder. AR 664, 1036, 2230,

8  2249. Dr. Wingate explained substance use "greatly exacerbates [Plaintiff's] mental health

9  issues." AR 664. Dr. Wingate also stated that though Plaintiff's bipolar disorder is not caused by

10 substance use, substance use "greatly impacts her mental health condition." AR 1037.

11          The ALJ found Dr. Wingate's opinions unpersuasive and discounted them for their

12 inconsistency with the record. AR 1962. Plaintiff first contends the ALJ misinterpreted Dr.

13 Wingate's opinions as only describing Plaintiff's limitations with substance use. Dkt. 18 at 6; 25

14 at 2–3. Reading this portion of the ALJ's decision, however, it is clear the ALJ found the

15 opinions unpersuasive even if Plaintiff's substance use was not included. *See* AR 1962 ("The

16 undersigned finds the … opinions… not including [Plaintiff's] substance use are not

17 persuasive…. To the extent that [Dr. Wingate's] opinion suggests marked difficulties in mental

18 health functioning without the substance use is not consistent with the evidence of the record.").

19          Plaintiff also contends the ALJ's inconsistency finding is not supported by substantial

20 evidence. Dkt. 18 at 7. In discounting Dr. Wingate's opinions, the ALJ first explained that much

21 of Plaintiff's mental health difficulties were associated with her problems with maintaining

22 sobriety. AR 1962. The ALJ's assessment is reasonable. The evidence cited shows that prior to

23 January 2019, when Plaintiff became sober, she presented anxious and depressed and struggled

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS- 4

with feelings of helplessness and anger. AR 1013–18, 1032–33, 1154–1513 (withdrawal treatment notes from February 6, 2018 to February 13, 2018). In contrast, Plaintiff's counseling notes after January 2019 show she continuously presented with a euthymic mood. AR 2423, 2426. They show that though Plaintiff was overwhelmed or stressed due to her housing and family situations, she continuously presented cooperative, alert, goal directed, logical, with good insight, and with no danger to herself or others. AR 1772, 1825, 1833, 1845–46, 1851, 2422–26, 2393, 2396, 2399, 2402, 2464–2838 (normal psychiatric findings from Plaintiff's physical examinations from February 2020 to June 2023). Further, throughout the relevant period, Plaintiff's cognitive findings were normal, and her thought appropriate and insight fair. *See, e.g.*, AR 648, 1018–19, 1032–33, 1038, 1753, 1772, 1825, 1833. The ALJ also noted Plaintiff is able to take care of her family and regularly run and host Narcotics Anonymous ("NA") group meetings. AR 648, 662, 1035, 2452. Given that much of Plaintiff's cognition findings were within normal limits prior to and following her sobriety period, that her mood improved after she stopped substance use and began treatment, and that she is able to partake in activities requiring maintaining a schedule and participation with others, the ALJ reasonably found Dr. Wingate's opinions undermined by Plaintiff's record. In discounting Dr. Wingate's opinions for their inconsistency, the ALJ did not err.

The ALJ also discounted Dr. Wingate's opinions because they lack support from the findings of the five mental status examinations Dr. Wingate administered. AR 1962. The ALJ specifically pointed out that because Plaintiff's thought process, orientation, perception, memory, fund of knowledge, concentration, and abstract thought were all within normal limits in those examinations, Dr. Wingate relied heavily on Plaintiff's self-reports. AR 1962–63. The ALJ's analysis is not supported by substantial evidence. As Plaintiff points out, there is no indication

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS- 5

Dr. Wingate relied heavily on her subjective reports, especially because all of five opinions were based in part on mental status evaluations and clinical interviews, which are considered "objective measures." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Further, while Plaintiff's mental status were mostly within normal limits, in the June 2017, January 2018, and February 2020 assessments, Plaintiff presented with dysphoric or mildly dysphoric mood, and in all of Dr. Wingate's evaluations, Plaintiff's insight and judgment were not within normal limits. AR 665, 1036–37, 2230–31, 2238–39, 2249–50. The ALJ did not explain how these portions of Dr. Wingate's evaluations necessarily negate the physician's proposed limitations. Thus, in discounting Dr. Wingate's opinions for their lack of support, the ALJ erred. However, because the ALJ's well supported inconsistency analysis alone is sufficient to permissibly discount Dr. Wingate's opinions, the ALJ's error is harmless. *See Woods*, 32 F.4th at 793 (affirming the ALJ's discounting of a medical opinion based solely on an inconsistency finding).

### B.     Dr. Rebecca Renn

In June 2022, Dr. Renn opined Plaintiff is seriously limited in: (1) performing at a constant pace without an unreasonable number and length of rest periods, (2) dealing with normal work stress, and (3) dealing with stress of semiskilled and skilled work. AR 2242–43. Dr. Renn also opined Plaintiff's mental impairments would cause her to be absent from work two days per month. AR 2244.

In discounting Dr. Renn's opinion, the ALJ noted the physician's own findings were at odds with her proposed limitations.[1] AR 1963. Dr. Renn's treatment notes show Plaintiff had

---

[1] The ALJ did not specifically state that he did not find Dr. Renn's opinion lacking in supportability, but by referencing Dr. Renn's own treatment notes in discounting her opinion, the Court construes this part of the ALJ's decision as a supportability finding. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)…the more persuasive the medical opinions…will be.").

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS- 6

euthymic mood, intact cognitive processes, good memory, good insight, appropriate behavior, as well as linear, organized, and goal directed thought process. *See, e.g.*, AR 1635–39, 2392–93, 2405, 2408, 2411, 2414, 2417, 2420. Dr. Renn's more recent treatment notes also show Plaintiff's mental status has been stable, and observations about her dysthymia or disconnection have been attributed to external factors. *See* AR 2395 (reporting "mild depression," but describing it as a "passing phase, not serious depression"), 2396 (presenting with good insight, behavior appropriate, euthymic mood, and "some dysthymia" but "[p]robably mostly environmental, and may have a hormonal component"), 2399 ("no mood cycling," "[c]oping adequately with stressors," "[medication] remains clearly helpful"), 2402 ("stable, "no signs of bipolar mood cycling," "stressed by large family and busy life"), 2422–24 ("handling a very stressful situation as well as could be expected," no medication change needed), 2425–45. Based on the normal results from Dr. Renn's mental status examinations, and given that Dr. Renn attributed any mood changes or stress to external factors, the ALJ reasonably found Dr. Renn's opinion unsupported by the physician's own findings. Further, absent from Dr. Renn's treatment notes are any objective medical evidence or supporting explanations that would reasonably explain why Plaintiff's mental health symptoms would necessarily lead to absenteeism. Thus, in discounting Dr. Renn's opinion based on its lack of support, the ALJ did not err.

      The ALJ also discounted Dr. Renn's opinion because it was inconsistent with other medical evidence in the record showing that without substance use, Plaintiff's cognition and mental health were normal. AR 1963. Plaintiff correctly points out Dr. Renn's opinion was provided after January 2019 and therefore already describes her limitations in the absence of substance use. Dkt. 18 at 14; AR 2240–45. However, the cited evidence nonetheless support the ALJ's reasoning as they show Plaintiff's mood remained within normal limits, euthymic, and

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS- 7

appropriate, though she expressed experiencing depression at times. AR 1630–31, 1635, 1772, 1825, 1833, 1845–46, 1851, 2464–2838. Additionally, a number of Plaintiff's reports of depression after January 2019 coincided with the period of time when she was not taking medication, further supporting the ALJ's reasoning. *See* AR 1612 ("she recently stopped using all of her medication after finding out she was pregnant," "has been anxious lately, more irritable), 1753 ("has been experiencing depression and anxiety since stopping all her meds"). Thus, though the ALJ did not acknowledge that Dr. Renn's opinion already excluded substance use, this error was harmless because the ALJ's inconsistency finding is nonetheless supported by substantial evidence. *Stout v. Commissioner*, *Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (explaining that an error is harmless if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination").

          C.        **Dr. Beth Fitterer**

In July 2018, Dr. Fitterer opined Plaintiff's mania would periodically interfere with her concentration, pace, and persistence, and attendance. AR 115, 132. The ALJ first discounted Dr. Fitterer's opinion because it was provided prior to Plaintiff's sobriety and "does not address the claimant's consistent drug use." AR 1963. The ALJ's finding is not entirely supported by substantial evidence, given that Dr. Fitterer found substance addiction disorders as one of Plaintiff's medically determinable impairments and noted substance use disorders as one of Plaintiff's established diagnoses. *See* AR 111–15, 128–32. In discounting Dr. Fitterer's opinion for its lack of support, the ALJ erred.

However, the ALJ did not err in finding Dr. Fitterer's opinion inconsistent with the longitudinal record. AR 1963. In discounting Dr. Fitterer's opinion, the ALJ referred to the same records used in discounting Dr. Wingate's opinions. *Id.* As discussed above, *see supra*, Section

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS- 8

I.A., Plaintiff's medical records pertaining to her depression and mania prior to January 2019 contrast greatly with those after she stopped substance use and resumed treatment and medication. *Compare* AR 1013–18, 1032–33, 1154–1513 *with* AR 1772, 1825, 1833, 1845–46, 1851, 2422–26, 2393, 2396, 2399, 2402, 2423, 2426, 2464–2838. Additionally, throughout the relevant period, Plaintiff's cognitive findings were normal. *See, e.g.,* AR 648, 1038, 1753, 1772, 1825, 1833. Plaintiff was also able to partake in activities that required committing to a schedule. AR 648, 662, 1035, 2452. These findings reasonably negate Dr. Fitterer's opinion that Plaintiff's ability to focus, keep pace, and maintain attendance is limited. Therefore, even though the ALJ erred in discounting Dr. Fitterer's opinion for its lack of support, this error was harmless given the ALJ's reasonable inconsistency finding. *See Woods*, 32 F.4th at 793.

      **II.**      **Whether the ALJ Properly Evaluated Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred in evaluating her subjective symptom testimony. Dkt. 18 at 13–18.

In June 2020, Plaintiff testified she is unable to work because of her mania and depression. AR 53. She stated when she is depressed, she cannot function and face the public, and her mania makes it difficult for her to focus and be productive. AR 53–54. In September 2023, Plaintiff testified she has been sober since January 2019. AR 1972. She explained her mental health functioning still "cycles" between dealing with mania and feeling of depression, and she does not know when to expect her psychiatric symptoms, but finds her medication helps. AR 1982. She stated she does not leave the house often because she fears being in public, so she shops online. AR 1984. Describing her everyday routine, Plaintiff states she takes care of her children, prepares meals, and helps with the laundry. AR 1977. She also stated she attends NA meetings regularly. AR 1974–75.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS- 9

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 343, 346-47 (9th Cir. 1991)). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). As with all of the findings by the ALJ, the reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601).

The ALJ overall found Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms "not entirely consistent" with the record. AR 1960. The ALJ first observed specifically that "without substances," Plaintiff's functioning "significantly improved." *Id*. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, the cited evidence show that though Plaintiff ceased her substance use by January 2019, she was initially not taking medication because she was pregnant. AR 1605, 1753. Plaintiff did engage in counseling but reported experiencing depressive episodes, and feeling anxious, irritable, withdrawn. AR 1603, 1612–13, 1620, 1624–25, 1825, 1833, 1845–46, 1851. Plaintiff eventually started taking medication in October 2019 to better control her mood. AR 1605, 1628–31. She found the medication effective and reporting feeling less depressed, and her mental status exams revealed euthymic mood, good insight, and appropriate behavior. AR 1630, 1634–35, 1637–38.

Similarly, her counseling notes indicate that her mental status has been stable. *See* AR 2395–402. As Plaintiff's records show her condition improved after stopping substance use, and after attending counseling and resuming medication, the ALJ reasonably discounted Plaintiff's testimony.

The ALJ also reasonably found Plaintiff's mental status examinations throughout the relevant period inconsistent with Plaintiff's testimony. AR 1961. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, the records show that even prior to January 2019, Plaintiff was cooperative and presented with good mood and insight, as well as intact memory and organized thought process. AR 614, 627, 1038, 1277, 1612, 1645. She recognized her need for treatment and her symptom level was stable, though her insight and judgment were not always within normal limits. AR 619, 665, 1753. After January 2019, her mental status remained normal. AR 1038, 1172, 1613–14, 1635, 1825, 1833, 1845–46, 1851, 2250, 2231, 2239, 2250, 2393, 2396, 2399, 2402, 2464–2838 (normal psychiatric findings from Plaintiff's physical examinations from February 2020 to June 2023).

Finally, the ALJ observed that Plaintiff's testimony is inconsistent with her activity level. AR 1962. An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Specifically, the ALJ highlighted Plaintiff's ability to take care of her children and her mother, perform household chores, and oversee NA meetings regularly. That she is able to do so undermine her statements regarding her lack of focus and attention and inability to interact with others.

In sum, because the ALJ provided at least one valid reason to discount Plaintiff's testimony, and those reasons are well supported by the record, the ALJ did not err in evaluating Plaintiff's testimony.

### III. Other Medical Evidence[2]

Plaintiff also lists other findings by multiple medical sources and argues they support the opinions of Dr. Wingate, Dr. Renn, Dr. Fitterer, and Plaintiff's testimony. Dkt. 18 at 9–13. While the records are in line with Plaintiff's reported symptoms, most are from prior to Plaintiff's sustained sobriety or before Plaintiff resumed with medication, and therefore do not detract from the ALJ's reasonable finding that Plaintiff is not as limited without substance use. *See, e.g.*, AR 407–23 (counseling notes from 2016), 540 (Plaintiff expressing hopelessness during 2017 counseling), 1013–20 (Plaintiff seeking service in 2016 for substance use). The records Plaintiff cites also indicate that feelings of stress or depression after January 2019 were due to external factors. *See, e.g.,* AR 1525–26 ("Client juggling an amazing amount of activities and working hard"), 2706 (attributing Plaintiff's stress to family situation), 2792–96 ("states the symptoms are acute, difficulty with depression right now with hormonal changes"). Plaintiff's listed evidence do not sufficiently show the ALJ's analyses of the medical opinions or Plaintiff's testimony were unreasonable.

---

[2] Plaintiff lists several medical sources but did not challenge the ALJ's consideration of their findings, therefore the Court considered only the medical opinions of Dr. Wingate, Dr. Renn, and Dr. Fitterer. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)) (noting the reviewing court will not consider matters that are not "specifically and distinctly argued" in a plaintiff's opening brief).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS- 12

**IV.     Whether Plaintiff's RFC is Supported by Substantial Evidence and Whether the ALJ Based His Step Five Findings on an Erroneous RFC**

Plaintiff contends the ALJ's RFC assessment is not supported by substantial evidence because it does not include all the limitations proposed by Dr. Wingate, Dr. Renn, and Dr. Fitterer, and the limitations described by Plaintiff herself. Dkt. 18 at 19. Plaintiff also contends the ALJ consequently based his step five findings on an erroneous RFC. *Id.*

This argument is derivative of Plaintiff's other arguments, as it is based on the contention that ALJ failed to properly evaluate the medical evidence and Plaintiff's symptom testimony Because the Court has found the ALJ did not harmfully err in evaluating medical opinion evidence and Plaintiff's testimony, Plaintiff cannot show her RFC was erroneous or that the ALJ's step five findings were based on an improper RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding that an ALJ has no obligation to include limitations in the RFC that are based on properly rejected opinions and testimony).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed.

Dated this 26th day of September, 2024.

David W. Christel
United States Magistrate Judge